IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br><br> *Plaintiff,* <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br> 2201 C Street NW <br> Washington, DC 20520 <br><br> *Defendant.* | Case No. 20-cv-1823 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against U.S. Department of State under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the

Defendant from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

5.  Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.  Defendant U.S. Department of State (State) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

*Staff Meetings FOIA Request*

7.  On July 16, 2019, American Oversight submitted a FOIA request to State seeking:

    1. Records sufficient to identify any State Department staff assigned to assist, staff, or support Susan Pompeo, either on a temporary or extended basis.

    2. Records reflecting the attendees or content of any State Department meetings attended or chaired by Susan Pompeo (including meeting agendas, attendee lists, calendar entries, meeting minutes or summaries, electronic presentations, and other documents that would reflect the attendees and content of such meetings).

> Although Susan Pompeo has reportedly chaired meetings at the State Department and received a State Department staffer detailed to assist during travel, she is not an official State employee. State is best positioned to determine where responsive records are likely to reside because records responsive to this request are likely to be in the custody of the State staff who handle requests of Susan Pompeo, maintain calendars on her behalf, send emails on her behalf, arrange her travel logistics, or serve any other auxiliary functions to support or staff Ms. Pompeo.
>
> American Oversight requests that State search, at a minimum, the Office of the Secretary, the Executive Secretariat, and the Office of the Chief of Protocol. American Oversight agrees to exclude records related to security detail staffing from this request.

8. American Oversight requested all responsive records from April 26, 2018, through the date the search is conducted.

9. By letter dated August 6, 2019, State acknowledged receipt of American Oversight's Staff Meetings FOIA request and assigned it tracking number F-2019-08004.

10. In its August 6, 2019 letter, State reported that it would "extend the time limit to respond to [Plaintiff's] request beyond the ten additional days provided by the statute" due to "unusual circumstances."

11. As of the date of this Complaint, American Oversight has not received any further communications for State regarding this FOIA request.

*Susan Pompeo Emails and Calendars FOIA Request*

12. Also on July 16, 2019, American Oversight submitted a FOIA request to State seeking:

> 1. All email communications (including email messages, email attachments, and calendar invitations) sent from any government email account assigned to or used by Susan Pompeo, or from any account managed by a State employee to send emails on Susan Pompeo's behalf.

3

>   Although American Oversight agrees to limit State's search for responsive email communications to emails sent by Susan Pompeo or any State employee(s) acting on her behalf, American Oversight still requests that complete email chains be produced displaying any received messages to which Susan Pompeo or any State employee acting on her behalf have responded and any attachments thereto.
>
>   2. All calendars or calendar entries for Susan Pompeo, including any calendars maintained on her behalf (e.g., by an administrative assistant or other State Department employee assigned to staff or support Ms. Pompeo).

13. American Oversight requested all responsive records from April 26, 2018, through the date the search is conducted.

14. By letter dated August 1, 2019, State acknowledged receipt of American Oversight's Susan Pompeo Emails and Calendars FOIA request and assigned it tracking number F-2019-08009.

15. In its August 1, 2019 letter, State reported that it would "extend the time limit to respond to [Plaintiff's] request beyond the ten additional days provided by the statute" due to "unusual circumstances."

16. As of the date of this Complaint, American Oversight has not received any further communications for State regarding this FOIA request.

*Susan Pompeo Gmail FOIA Request*

17. On May 27, 2020, American Oversight submitted a FOIA request to State seeking:

>   1. All email communications (email messages, email attachments, calendar invitations, or calendar attachments) between State officials specified below and Susan Pompeo, including but not limited to at her private Gmail account.
>
>      i. Secretary Mike Pompeo
>      ii. Executive Secretary Lisa Kenna

4

      iii. Senior Advisors to the Secretary, Toni Porter and Mary Kissel
      iv. Under Secretary for Management, Brian Bulatao (including in his former capacity as senior advisor)
      v. Counselor to the Secretary Ulrich Brechbuhl (including in his capacity as Under Secretary for Public Diplomacy)
      vi. Anyone serving as Chief or Assistant Chief of Protocol, including Cam Henderson, Sean Lawler, Mary Kate Fisher, and Catherine Fenton
      vii. Any other Protocol officials or officials in the Office of the Secretary responsible for organizing or coordinating "Madison Dinners"

2. All email communications (email messages, email attachments, calendar invitations, or calendar attachments) sent by State officials specified below to any address ending in gmail.com.

      i. Secretary Mike Pompeo
      ii. Senior Advisors to the Secretary Toni Porter and Mary Kissel
      iii. Chief of Protocol Cam Henderson

18. American Oversight requested all responsive records from April 26, 2018, through the date the search is conducted.

19. By email sent May 29, 2020, State acknowledged receipt of American Oversight's Susan Pompeo Gmail FOIA request and assigned it tracking number F-2020-05657.

20. In its May 29, 2020 email, State reported that it "will not be able to respond within the 20 days provided by the statute due to 'unusual circumstances.'"

21. As of the date of this Complaint, American Oversight has not received any further communications for State regarding this FOIA request.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

22. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

23. American Oversight properly requested records within the possession, custody, and control of Defendant.

24. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

25. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA requests.

26. Defendant's failure to conduct an adequate search for responsive records violates FOIA.

27. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

28. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. American Oversight properly requested records within the possession, custody, and control of Defendant.

30. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

31. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA request.

32. Defendant's failure to provide all non-exempt responsive records violates FOIA.

33. Plaintiff is therefore entitled to declaratory and injunctive relieve requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests submitted to State;

(2) Order Defendant to produce, within twenty days of the Court's order, any and all non-exempt records responsive to American Oversight's FOIA requests and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

<table>
<tr><td>Dated: July 7, 2020</td><td>Respectfully submitted,<br><br>/s/ Mehreen Rasheed<br>Mehreen Rasheed<br>D.C. Bar No. 144880<br><br>/s/ Daniel A. McGrath<br>Daniel A. McGrath<br>D.C. Bar No. 1532723<br><br>AMERICAN OVERSIGHT<br>1030 15th Street NW, B255<br>Washington, DC 20005<br>(202) 848-1320<br>mehreen.rasheed@americanoversight.org<br>daniel.mcgrath@americanoversight.org<br><br>*Counsel for Plaintiff*</td></tr>
</table>